IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ANTHONY MAURICE DAVIS,               )
Register No. 1115675,                )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    No. 05-4066-CV-C-NKL
                                     )
FULTON STATE HOSPITAL,               )
                                     )
            Defendant.               )

## REPORT AND RECOMMENDATION

Plaintiff, while confined at Fulton State Hospital, a Missouri mental institution[1], brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary relief, pursuant to 42 U.S.C. § 1983. Named as sole defendant is Fulton State Hospital. Plaintiff alleges his Eighth Amendment rights were violated when he was in restraints at Fulton State Hospital and was assaulted by another inmate (punched), resulting in plaintiff's nose being broken.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. *In re Williamson*, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a

---

[1] Plaintiff has now been transferred to Farmington Correctional Center, a Missouri penal institution.

claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citation omitted).

The sole defendant in plaintiff's complaint is Fulton State Hospital. Fulton State Hospital is not a person within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (holding that neither a state nor a state official acting in his official capacity is a person within the meaning of section 1983). *See also Mittendorf v. Braun*, 208 F.3d 218 (Table), 2000 WL 307263 (8th Cir. (Mo.)) (unpublished); *Spencer v. Doe*, 139 F.3d 107, 111 (2nd Cir. 1998) (state agency not person under section 1983). Therefore, plaintiff's claims should be dismissed for failure to state a claim under 42 U.S.C. § 1983.

IT IS, THEREFORE, RECOMMENDED that plaintiff's complaint be dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 11th day of April, 2005, at Jefferson City, Missouri.

/s/
WILLIAM A. KNOX
United States Magistrate Judge