IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ANTHONY MAURICE DAVIS, )
Register No. 1115675, )
)
        Plaintiff, )
)
        v. ) No. 05-4066-CV-C-NKL
)
JANET EXINDEN, )
)
        Defendant. )

**ORDER**

On April 11, 2005, the United States Magistrate Judge recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the amended complaint filed by plaintiff on May 24, 2005. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted regarding plaintiff's claims against Fulton State Hospital. Fulton State Hospital is not a person within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State* Police, 491 U.S. 58 (1989) (holding that neither a state nor a state official acting in his official capacity is a person within the meaning of section 1983). *See also Mittendorf v. Braun,* 208 F.3d 218 (Table), 2000 WL 307263 (8th Cir. (Mo.)) (unpublished); *Spencer v. Doe*, 139 F.3d 107, 111 (2nd Cir. 1998) (state agency not person under section 1983). Therefore, plaintiff's claims against Fulton State Hospital should be dismissed for failure to state a claim under 42 U.S.C. § 1983.

However, plaintiff's amended complaint specifically identifies another defendant, Janet Exinden, a Fulton State Hospital (FSH) employee, who allegedly failed to protect him from an assault by another patient at FHS, Daniel Shenk, and plaintiff will be granted leave to proceed on such claims.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915, on his claims against defendant Janet Exinden. It is further

ORDERED that the clerk of court forward appropriate process forms to plaintiff. It is further

ORDERED that within twenty days, plaintiff return the completed summons and service forms showing the address where defendant Janet Exinden may be served. It is further

ORDERED that upon receipt of the completed forms, the clerk of court deliver the summons and complaint to the United States Marshal for service of process. It is further

ORDERED that the United States Marshal attempt service of process in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2). It is further

ORDERED that defendant Janet Exinden answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendant is granted leave to depose plaintiff at his place of incarceration. It is further

ORDERED that plaintiff's claims against Fulton State Hospital are dismissed, pursuant to the provisions of 28 U.S.C. § 1915. [4]

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: June 14, 2004
Jefferson City, Missouri