IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ANTHONY MAURICE DAVIS, ) | | |
| Register No. 1115675, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 05-4066-CV-C-NKL | |
| ) | | |
| JANET EXENDINE, ) | | |
| ) | | |
| Defendant. ) | | |

## REPORT AND RECOMMENDATION

Plaintiff, while confined at Fulton State Hospital, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On January 30, 2006, defendant filed a motion for summary judgment. She asserts there are no genuine issues of material fact, that she was not deliberately indifferent to an excessive risk of serious harm to plaintiff, and that she is entitled to judgment as a matter of law. Plaintiff has not responded in opposition to the motion, although advised in the court's order of March 21, 2006, that his claims could be dismissed if he failed to respond. Specifically, plaintiff was advised that nonresponse would be treated as a lack of opposition to the motion and that his claims could also be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute.

As stated in M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977):

> A district court has power to dismiss an action for failure of the plaintiff to comply with 'any order of court.' Fed. R. Civ. P. 41(b). Such action may be taken on the court's own motion, Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971); see Stanley v. Continental Oil Co., 536 F.2d 914, 916-17 (10th Cir. 1976), and may be exercised under the court's inherent power to control its docket, Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962), and to protect the integrity of its orders, Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975). See generally 15 A.L.R. Fed. 407 (1973).

Here, plaintiff has ignored orders of the court and has done nothing to prosecute his claims for some time. Furthermore, plaintiff does not appear to oppose the entry of summary judgment in favor of defendant.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Here, plaintiff has not responded to defendant's motion or the court's order, and his failure to do so is being treated as a lack of opposition to the entry of summary judgment in favor of defendant. Accordingly, only a brief summary of the facts will be made.

In June 2004, plaintiff pled guilty to and was convicted of first degree assault, armed criminal action and second degree burglary. He was sentenced to nineteen years running concurrently, and sent to Fulton State Hospital in September 2004 because he was delusional. In January 2005, he was still confined at Fulton State Hospital, and had been diagnosed with a psychotic disorder. On approximately January 17, 2005, plaintiff was involved in an altercation with an inmate and placed into four-point restraints.

Plaintiff was restrained to his bed for about fifteen minutes when a different patient, Daniel Schenk, pushed defendant Exendine, who was a Forensic Rehabilitation Specialist, out of the doorway. Schenk entered plaintiff's room and attacked plaintiff by hitting him in the face, lips, nose and eyes approximately six to eight times. The attack was in progress before Davis began to yell for help. Exendine immediately got help and entered plaintiff's room with another

staff member within two to three minutes after Schenk entered the room.  Schenk was promptly restrained.

In his complaint, plaintiff asserts Exendine failed to protect him by allowing Schenk into his room.

It is well settled that prison officials[1] have a duty to protect inmates in their custody from attacks by other inmates.  "Subjecting prisoners to violent attacks . . . shocks modern sensibilities and serves no legitimate penological purpose."  Martin v. White, 742 F.2d 469, 474 (8th Cir. 1984).  Prison officials may be held liable for violating an inmate's constitutional right if the deprivation is "objectively, 'sufficiently serious'" and if the officials acted with "'deliberate indifference' to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, ___, 114 S. Ct. 1970, 1977 (1994) (citations omitted).  The appropriate test for deliberate indifference is "subjective recklessness" as that term is used in criminal law.  Id. at 1980.  Thus, a prison official may be held liable for failing to protect a prisoner only if the official subjectively knows the inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 1984.  Failure to perceive a significant risk and thus to eliminate it does not constitute the infliction of punishment.  Id. at 1979.  Moreover, prison officials who respond reasonably to known risks may not be held liable under the Eighth Amendment, even if their response fails to prevent injury.  Id. at 1982-83.

There is no evidence in this case that plaintiff or defendant Exendine had any knowledge that Schenk posed a threat to Davis prior to the attack.  Exendine did not give Schenk permission or otherwise voluntarily allow him to enter the room, but was pushed out of the doorway by Schenk.  Once Schenk entered the room and Exendine perceived the danger, she immediately sought assistance and took reasonable steps to prevent or stop the injury.  Under these

---

[1]Plaintiff is a convicted felon who was temporarily housed at the mental hospital.  Whether he is considered an inmate or a patient, his confinement was subject to the same safety concerns.  He has not objected to his claim being addressed as an Eighth Amendment claim, and specifically stated in his complaint that his Eighth Amendment rights were violated.  See also Revels v. Vincenz, 382 F.3d 870, 874 (8th Cir. 2004) (addressing Fourteenth Amendment claim under Eighth Amendment standard).

3

circumstances, there is no evidence that Exendine was deliberately indifferent to a serious risk of harm to plaintiff and summary judgment is appropriate.

For these reasons, it is

RECOMMENDED that defendant Exendine's motion for summary judgment be granted, or alternatively, that plaintiff's claims be dismissed under Fed.R.Civ.P. 41(b) for failure to prosecute. [23]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 15th day of June, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4